UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY DENMARK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>700 CREDIT, LLC, *et al.*,<br><br>Defendants. | Case No. 1:25-cv-01935-KES-CDB<br><br>ORDER DIRECTING CLERK OF THE COURT TO CLOSE CASE PURSUANT TO RULE 41(a)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>(Doc. 8) |

On December 18, 2025, Plaintiff Mary Denmark initiated this action with the filing of a complaint, asserting claims both individually and on behalf of a putative class against Defendant 700 Credit, LLC, and North Bakersfield Imports, LLC, doing business as North Bakersfield Toyota. (Doc. 1). On January 15, 2026, Plaintiff filed a notice of voluntary dismissal without prejudice as to all claims. (Doc. 8).

The notice of dismissal comports with the requirements of Fed. R. Civ. P. 41(a)(1)(A)(i) and Plaintiff is entitled to dismiss the individual claims (at least) without court order. In a class action, however, court approval of dismissal may be required under Rule 41(a)(2) if the class has been certified. Specifically, Rule 23(e) provides that any claims arising out of either a (1) "certified class" or (2) "class *proposed to be certified for purposes of settlement* ... may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e) (emphasis

added).

In this case, Plaintiff seeks to dismiss all claims, including the claims of the putative class, without prejudice.  (Doc. 8 at 2).  No class has been certified in this action nor is there a class proposed to be certified for purposes of any settlement.  Because no class has been certified in this case, and because any dismissal would not affect putative class members' possible claims, Rule 23(e) does not mandate either Court approval of the Plaintiff's dismissal of the action or notice to putative class members.  *See Titus v. BlueChip Financial*, 786 Fed. App'x 694, 695 (9th Cir. 2019) ("Because no class has been certified, Titus is the only plaintiff before the court …") (unpublished) (citing *Emp'rs-Teamsters Local Nos. 175 & 505 Pension Tr. Fund v. Anchor Capital Advisors*, 498 F.3d 920, 924 (9th Cir. 2007)).

In light of Plaintiff's filing, the Court finds that Rule 23(e) does not require the Court's approval of the dismissal.  This action shall be terminated by operation of law without further order of the Court.  *Comm. Space Mgmt. Co., Inc. v. Boeing Co., Inc*., 193 F.3d 1074, 1077-78 (9th Cir. 1999).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to CLOSE the case and adjust the docket to reflect, pursuant to Rule 41(a)(1)(A)(i), dismissal without prejudice as to all claims, including the putative class claims.

IT IS SO ORDERED.

Dated:   **January 16, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

2